IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRET BODIN, DARIAN MORGAN, BRAD NEWELL, MICHAEL ROSAS, MID-CITY MIKE RENTALS, LLC, and AIRBNB, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE CITY OF NEW ORLEANS, <br><br> *Defendant*. | Civil Action No. 2:25-cv-00329 <br><br> **SECTION: A** <br><br> DISTRICT JUDGE: Hon. Jay C. Zainey <br><br> MAGISTRATE JUDGE: Hon. Michael North |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S NOTICE OF PURPORTEDLY RELATED CASES**

Defendant the City of New Orleans incorrectly asserts that this case (filed on February 14, 2025) is related to the closed case *Hignell v. City of New Orleans*, Case No. 2:19-cv-13773-ILRL-JVM (judgment entered Nov. 25, 2024). This case and *Hignell* concern different plaintiffs, present different facts, challenge different ordinances, and advance different legal theories, and so there is no reason to change the current judicial assignment.

Random assignment of cases assures fairness and prevents judge-shopping by litigants. Local Rule 3.1 is a narrow exception to that principle for "collateral proceedings and refiled cases." It defines such matters as those that "involve[] subject matter that comprises all or a material part of the subject matter or operative facts of another action." *Id.*

It is not enough for two cases to concern the same general topic or overlapping parties; such a rule would create an enormous exception to the general principle of random assignment, and it would leave a single judge responsible for a broad area of law or category of disputes. For that reason, cases are generally not deemed related unless they arise out of the same transaction or event. *See Baker v. FedEx Ground Package Sys., Inc.*, No. CV 04-3401, 2005 WL 8162971, at *1

(E.D. La. July 8, 2005) (employment discrimination cases involving the same company, location, and defendants not related because each plaintiff's "facts and circumstances" were "unique"); *Rice v. Walters*, No. CV 96-1893, 1996 WL 586394, at *2–3 (E.D. La. Oct. 9, 1996) (prison abuse cases involving the same correctional facility and overlapping defendants not related).

Applying these principles, this case and *Hignell* are not "collateral proceedings" or "refiled cases." While both cases generally concern New Orleans's regulation of short-term rentals, this does not make them related for purposes of Rule 3.1. *See, e.g.*, *Rice*, 1996 WL 586394, at *2–3.

*First*, the plaintiffs in the two cases are different individuals and entities, represented by different counsel, with "facts and circumstances . . . unique to each individual plaintiff." *Baker*, 2005 WL 8162971, at *1. For example, the property and rental histories of the plaintiffs here, which form the factual predicate for their claims, are entirely different from the property and rental histories in *Hignell*. Moreover, while the *Hignell* plaintiffs were all homeowners wishing to rent their properties, this case includes an entirely different type of plaintiff: Airbnb, an online platform that facilitates the short-term rental market in New Orleans by connecting hosts and guests.

*Second*, this case and *Hignell* challenge different ordinances regulating STRs. The original complaint in *Hignell* challenged the 2019 STR ordinance then in effect, and the subsequent amended complaints challenged Ordinances No. 29381 M.C.S. and Ordinance No. 29382 M.C.S. (the "2023 Ordinances"). While this case also challenges the 2023 Ordinances, six of its twelve claims challenge Ordinance No. 30074 M.C.S. (the "2024 Ordinance") regulating platforms such as Airbnb. Dkt. No. 1, ¶¶ 141-197. *Hignell* does not address the 2024 Ordinance at all — indeed, the Ordinance did not exist when the amended complaints were filed in 2023. Unlike *Hignell*, this case focuses significantly on the rights and equities of short-term rental platforms — what data they can be compelled to share with the City, whether they can be conscripted to enforce the City's

2

short-term rental rules, and whether the platform requirements of the 2024 Ordinance are lawful. Dkt. No. 1, ¶¶ 141-197.

*Third*, the City's assertion that these cases raise "the same constitutional challenges" is incorrect. There is very little overlap in the legal theories at issue. Of the approximately seventeen arguments the *Hignell* plaintiffs raised and were addressed during the course of *Hignell* (see ECF Nos. 69, 74, 251), there is at most partial overlap with two arguments raised in the present twelve-count complaint raising multifaceted arguments under fifteen constitutional and statutory provisions. This case also raises important claims under the Louisiana Constitution that were not considered in *Hignell* at all, such as the Louisiana Constitution's limits on cities' regulation of private civil relationships. *See, e.g.*, Dkt. No. 1, ¶¶ 149-154. Even where the two cases assert claims under the same constitutional provision, the content of those claims is different. For example, *Hignell*'s First and Fourth Amendment claims related to homeowner requirements contained in the 2023 Ordinance, whereas this case's First and Fourth Amendment claims concern the completely different platform requirements in the 2024 Ordinance. *Id.*, ¶¶ 155-161, 180-192. Whatever minor overlap there might be between this case and *Hignell* does not meet Local Rule 3.1's requirement that any such overlap be "material." It certainly does not warrant a departure from the principle of random assignment.

In sum, this case and *Hignell* are neither "collateral proceedings" nor "refiled cases." They involve entirely different plaintiffs and counsel with unique facts and circumstances, challenge different laws, and advance almost entirely different legal theories. Local Rule 3.1 does not grant a single judge exclusive jurisdiction over any two cases concerning the same general topic or area of the law. It applies only when the subject matter of an action "comprises all or a material part of the subject matter or operative facts of another action." That is certainly not the case here.

DATED: March 21, 2025                    Respectfully submitted,

    */s/ Mark A. Cunningham*

Paul D. Clement (*pro hac vice*)          Mark A. Cunningham
Clement & Murphy PLLC                     Madeline M. Freese
706 Duke Street                           Jones Walker LLP
Alexandria, VA 22314                      201 St. Charles Ave
(202) 742-8900                            New Orleans, LA 70170
paul.clement@clementmurphy.com            (504) 582-8536
                                                                       mcunningham@joneswalker.com
                                                                       mfreese@joneswalker.com

                                                                       Jeffrey M. Davidson (T.A.) (*pro hac vice*)
                                                                       Covington & Burling LLP
                                                                       415 Mission Street, Suite 5400
                                                                       San Francisco, CA 94105
                                                                       (415) 591-6000
                                                                       jdavidson@cov.com

                                                                       Alexander A. Berengaut (*pro hac vice*)
                                                                       Chloe Goodwin (*pro hac vice*)
                                                                       Covington & Burling LLP
                                                                       850 Tenth Street, NW
                                                                       Washington, DC 20001
                                                                       (202) 662-6000
                                                                       aberengaut@cov.com
                                                                       cgoodwin@cov.com

                                                                       *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by using the CM/ECF system, this 21st day of March, 2025.

>   */s/ Mark A. Cunningham*
>   Mark A. Cunningham